UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CIRO BARAHONA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>HK MARBLE & TILE CORP., and HIU IAM SZE, individually,<br><br>Defendants. | **COMPLAINT**<br><br>Docket No.:<br><br>Jury Trial Demanded |

CIRO BARAHONA ("Plaintiff"), on behalf of himself and all others similarly-situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, STEVENSON MARINO LLP, as and for his Complaint against HK MARBLE & TILE CORP. ("HK Marble"), and HIU IAM SZE, individually (collectively as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the minimum wage provisions of the NYLL § 652(1), NYCRR tit. 12, § 142-2.1; (iv) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (v) the NYLL's requirement that employers furnish employees with a wage notice upon hire containing specific

1

categories of accurate information on each payday, NYLL § 195(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants as a manual laborer from September 2016 through June 2022, for Defendants' marble and tile company. As described below, for the duration of his employment, Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL, as Defendants failed to compensate Plaintiff at the statutorily required overtime rate of pay for the hours that Plaintiff worked beyond forty in a workweek.

3. Defendants' pay practice also violated the NYLL as Defendants: (1) failed to pay Plaintiff the minimum hourly wage rate prescribed by law; (2) failed to furnish Plaintiff with a wage statement on each payday that accurately stated the hours that Plaintiff worked each week; and (3) failed to furnish Plaintiff with a wage notice on Plaintiff's date of hire that accurately stated him regular and overtime rates of pay.

4. Defendants' failure to pay overtime was not limited to Plaintiff, but also extended to all of Defendants' manual laborers.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all other similarly situated manual laborers during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff additionally brings his claims under New York law on behalf of himself and any FLSA Plaintiff, as that term is defined below, who opts into this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself and all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of

the NYLL and the NYCRR.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10. At all relevant times herein, HK Marble was and is a New York corporation with its principal place of business located at 105 Apollo Street, Brooklyn, New York 11222.

11. At all relevant times herein, Defendant Sze was and is HK Marble's Chief Executive Officer and owner. In this role, Defendant Sze oversaw HK Marble's operations, paid its employees, and had the power to hire and fire and approve all personnel decisions with respect to all of HK Marble's employees, including all manual laborers. In fact, Defendant Sze hired Plaintiff, was responsible for paying Plaintiff, maintained and Plaintiff's employment records.

12. At all relevant times herein, HK Marble was and is an "employer" within the meaning of the FLSA and NYLL. Additionally, HK Marble's qualifying annual business exceeded and exceeds $500,000.00, and HK Marble was and is engaged in interstate commerce within the meaning of the FLSA, as it employs two or more employees and buys equipment, and supplies such as marble and tile, in the course of its business, which originate in states other than New

York, as well as accepts credit card payments from customers for their purchases, the combination of which subjects Defendants to the FLSA's requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on his own behalf, as well as on behalf of those in the following collective:

> Current and former manual laborers, who at any time during the applicable FLSA limitations period, performed any work for Defendants in New York, and who consent to file a claim to recover damages for overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

14. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

15. At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

16. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

17. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, as well as on behalf of all those who are similarly situated that Defendants subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

18. Under FRCP 23(b)(3), a plaintiff must plead that:

    a. The class is so numerous that joinder is impracticable;

    b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c. Claims or defenses of the representative are typical of the class;

    d. The representative will fairly and adequately protect the class; and

    e. A class action is superior to other methods of adjudication.

19. Plaintiff seeks certification of the following FRCP 23 class:

    Current and former manual laborers, who during the applicable NYLL limitations period, performed any work for Defendants in New York, or any of their successors-in-interest, in New York ("Rule 23 Plaintiffs").

### Numerosity

20. During the previous six years, Defendants have employed, in total, at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

21. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating

5

the Rule 23 Plaintiffs; (3) whether the Rule 23 Plaintiffs worked in excess of forty hours per week; (4) whether Defendants failed to pay the Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of forty hours in a week; (5) whether Defendants failed to pay the Rule 23 Plaintiffs at least at the statutorily-required minimum wage rate for all hours worked; (6) whether Defendants furnished the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3); (7) whether Defendants furnished the Rule 23 Plaintiffs with a wage notice at the time of hire containing the information required by NYLL § 195(1); (8) whether Defendants kept and maintained accurate records of hours that the Rule 23 Plaintiffs worked; (9) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs for each hour worked; (10) whether Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (11) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; and (12) if so, what constitutes the proper measure of damages.

### Typicality of Claims and/or Defenses

22.     As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs as manual laborers. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom Plaintiff seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendants in New York in excess of forty hours per week, yet Defendants routinely: failed and fail to pay them at the rate of time and one-half their respective regular rates of pay; failed and fail to pay them at least the minimum wage rate for all hours worked; failed and fail to provide them with accurate wage statements on each payday; and failed and fail to provide them with an accurate wage notice upon hire. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at the rate of one and one-half times their regular rates

for all hours worked per week in excess of forty, to be paid at least the statutory minimum wage rate for all hours worked, to be furnished with accurate wage statements on each payday, and an accurate wage notice at the time of hire. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

<u>Adequacy</u>

23. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff overtime for all hours worked over forty in a week, did not pay Plaintiff at least at the minimum wage rate for all hours that Plaintiff worked, and did not furnish Plaintiff with an accurate wage statement on each payday or with an accurate wage notice at the time of hire, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs. Plaintiff is no longer employed with Defendants, and thus has no fear of retribution for his testimony. Plaintiff fully anticipates testifying under oath and providing discovery responses as to all the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to him. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

24. Additionally, Plaintiff's counsel has substantial experience in this field of law.

<u>Superiority</u>

25. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims

7

that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

26. Any lawsuit brought by any manual laborer who worked for Defendants in New York for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

27. Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

28. HK Marble is a building renovations company that installs marble and tile, as well as repairs marble and tile, with its principal place of business located at 105 Apollo Street, Brooklyn, New York.

29. Defendants employed Plaintiff as a manual laborer from in or around September 2016 until June 2022, during which period he performed various tasks involving manual work primarily installing and repairing marble and tile.

30. During his employment, Plaintiff routinely worked six (6) days per week, Monday through Saturday, commencing his work each day at approximately 8:00 a.m. and working until approximately 6:00 p.m., each day without any uninterrupted meal break. Thus, Plaintiff routinely worked for Defendants approximately sixty (60) hours per workweek.

31. For his work, Defendants paid Plaintiff an hourly rate of $10.00 by cash for all hours worked, including all hours that Plaintiff worked in excess of forty per week. Therefore, for the entirety of him employment, Defendants failed to pay Plaintiff minimum wage under the NYLL for all hours worked, and additionally failed to pay Plaintiff one and one-half minimum wage for all hours that Plaintiff worked over forty each week under the FLSA and the NYLL.

32. By way of example only, for six days during the week of May 23 to May 29, 2021, Plaintiff worked Monday through Saturday, from 8:00 a.m. to 6:00 p.m., without any uninterrupted meal break, totaling sixty (60) hours worked that week. For his work during this specific workweek, Defendant paid Plaintiff $10.00 per hour by cash for all hours worked, which falls below the minimum wage rate under the NYLL. Defendants also failed to pay Plaintiff at the statutorily required overtime rate of $22.50, which is one and one-half times the minimum wage rate under the NYLL, for the twenty (20) hours that Plaintiff worked in excess of forty that week. The foregoing example is representative of Plaintiff's hours and compensation throughout his employment with Defendants.

33. Defendants paid Plaintiff on a weekly basis by cash.

34. On each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed Plaintiff's actual hours worked for that week.

35. Upon Plaintiff's hire, Defendants failed to furnish Plaintiff with any wage notice whatsoever, let alone one that accurately listed his regular and overtime rate of pay or whether he was to be paid by the hour, shift, day, week, salary or on some other basis.

36. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the manner described herein.

37. Defendants acted in the manner described herein to maximize their profits while minimizing their labor costs and overhead.

38. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

39. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

40. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

41. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

42. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

43. Defendants willfully violated the FLSA.

44. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

45. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the NYLL and the NYCRR*

46. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

48. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

49. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

50. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

51. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Minimum Wages Under the NYLL and the NYCRR*

52. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53. NYLL § 652(1) and NYCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

54. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

55. As also described above, Defendants failed to compensate Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, at the minimum hourly rate of pay for all hours worked in accordance with the NYLL's and the NYCRR's minimum wage provisions.

56. At the least, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are entitled to pay at the minimum wage rate for all hours worked each week.

57. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

58. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

60. As described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, with accurate wage statements containing the criteria required under the NYLL.

61. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, in the amount of $250 for each workday after

the violation occurred, up to a statutory cap of $5,000.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper a Wage Notice in Violation of the NYLL*

62. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

63. NYLL § 195(1) requires that employers furnish employees with a notice upon hire, containing accurate, specifically enumerated criteria.

64. As described above, Defendants, upon hire, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, with an accurate wage notice containing the criteria required under the NYLL.

65. Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, in the amount of $50 for each workday after the violation occurred, up to a statutory cap of $5,000.

### DEMAND FOR A JURY TRIAL

66. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert

with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

 c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

 d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing a form consenting to join the lawsuit pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

 e. Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

 f. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

 g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

 h. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and a service award to Plaintiff;

 i. Designation of Plaintiff and Plaintiff's counsel as collective and class action representatives under the FLSA and the FRCP;

 j. Prejudgment and post-judgment interest, as provided by law; and

k.  Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: White Plains, New York
October 19, 2023

Respectfully submitted,

Stevenson Marino LLP
*Attorneys for Plaintiff*
445 Hamilton Avenue, Suite 1500
White Plains, New York 10601
(212) 939-7229

By: _____
Jeffrey R. Maguire